The Honorable Rita W. Gruber Circuit-Chancery Judge Sixth Judicial District Juvenile Division 3001 W. Roosevelt Road Little Rock, Arkansas 72204
Dear Judge Gruber:
This is in response to your request for an opinion on two questions concerning a disagreement you are having with the Sixth Judicial District Prosecuting Attorney over the student practice of law in your court. Specifically, you indicate that, according to your interpretation of Rule XV of the Rules Governing Admission to the Bar, an unlicensed law student graduate is not eligible to practice in a court of record without the supervision of a licensed attorney. The prosecutor's understanding of the law is that when representing the state in any criminal matter, such graduates may indeed appear before a court under Rule XV. You indicate that as a result of your refusal to allow such law student or graduate practice, the Prosecuting Attorney has indicated that his office would no longer provide the courtesy of representing petitioners in Family in Need of Services cases (FINS) in your court, although his office will continue to represent petitioners in such cases in the Eighth Division Juvenile Court.
You pose the following two questions with regard to these facts:
 1. Whether under the auspices of Rule XV of the Rules Governing Admission to the Bar, an unlicensed law school graduate is eligible to practice law, without supervision, in a Court of Record?
 2. Whether the Prosecuting Attorney for the Sixth Judicial District may refuse to represent FINS petitioners in Seventh Division Juvenile Court, but continue to represent same in Eighth Division Juvenile Court?
In my opinion the answer to your first question is "yes," in certain cases, and assuming the requisite consent has been given. In response to your second question, I can find no provision of law which would prohibit the prosecuting attorney from discontinuing this "courtesy" in your court, while maintaining it in the Eighth Division.
As noted, the relevant provision of law is Rule XV of the Rules Governing Admission to the Bar. See also 292 Ark. 669,727 S.W.2d XXXVIII (1987). The answer to your first question is found in subsection (B) of the rule, which provides as follows:
 (B)(1) An eligible law student may appear in any court or before any administrative tribunal in this State on behalf of any indigent person if the person on whose behalf he or she is appearing has indicated in writing his or her consent to that appearance and the supervising lawyer has also indicated in writing approval of that appearance, in the following matters:
 (a) Any civil matter. In such cases the supervising lawyer is not required to be personally present in court if both (a) the court or administrative tribunal before whom an appearance is being made, after reasonable advance notice in writing, and (b) the person on whose behalf an appearance is being made, consent to his or her absence.
 (b) Any criminal matter in which the defendant does not have the right to counsel under any constitutional provision, statute, or rule of this court. In such cases the supervising lawyer is not required to be personally present in court if both (a) the court of [or] administrative tribunal before whom an appearance is being made, after reasonable advance notice in writing, and (b) the person on whose behalf an appearance is being made, consents to his or her absence. (c) Any criminal matter in which the defendant has the right to the assignment of counsel under any constitutional provision, statue, or rule of this court. In such cases the supervising lawyer must be personally present throughout the proceedings and shall be fully responsible for the manner in which they are conducted.
 2. An eligible law student may also appear in any criminal matter on behalf of the State with the written approval of the prosecuting attorney or his or her authorized representative and of the supervising lawyer.
 3. In each case the written consent and approval referred to above shall be filed in the record of the case and shall be brought to the attention of the judge of the court or the presiding officer of the administrative tribunal.
It is clear, in my opinion, that subsection (B)(1) above, and consequently (B)(1)(a), (b), and (c), apply to instances in which the student is representing an indigent person, whether in a civil or criminal matter. It is equally clear that subsection (B)(2) applies to instances in which the student is representing the state in any criminal matter.
Under the former subsection, (B)(1), the student may appear on behalf of an indigent person without the presence of a supervising attorney in civil matters, and criminal matters where no right to counsel attaches, with the consent of the court, the indigent, and the supervising lawyer. The student may only appear in criminal matters on behalf of an indigent person where the right to counsel attaches where the supervising lawyer is present. Under the latter subsection, (B)(2), the student may appear on behalf of the state in any criminal matter with the written approval of the prosecuting attorney and the supervising lawyer. Subsection (B)(3) provides that in each case, the consents and approvals are to be made a part of the record and brought to the attention of the judge.
It is evident why a different rule (the supervising lawyer must
be present) obtains for students representing indigent defendants with the right to counsel. Constitutional claims would arise if this were not the case. No such claims would arise, however, in civil cases, or criminal cases where no right to counsel attaches. Neither would any concerns arise in this regard where the student represents the state in any criminal matter. This, in my opinion, is why the rule is drafted as it is, subsections (B)(1) and (B)(2) being independent of each other.
In response to your second question, I can find no provision of law which would prohibit the prosecuting attorney from discontinuing his courtesy of representing petitioners in FINS cases, while continuing to provide that courtesy to other juvenile courts. As you indicate, there is no legal requirement that the prosecutor's office represent these persons.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh